UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD HERSHEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. _____ |
| JUNIOR COLLEGE DISTRICT OF ST. LOUIS- ) | |
| ST. LOUIS COUNTY, ) | |
| **Serve:** Tina A. Odo, Registered Agent ) | |
| Attn: Ron Niccoletti ) | |
| 300 South Broadway ) | |
| St. Louis, MO 63102 ) | |
| ) | |
| And ) | |
| ) | |
| TONI OPLT, Individually, and In her Official ) | |
| Capacity as Community Relations Operations ) | |
| Officer of Saint Louis Community College at ) | |
| Meramec, ) | |
| **Serve:** Toni Oplt ) | |
| 11333 Big Bend Road ) | |
| St. Louis, MO 63122 ) | |
| ) | |
| And ) | |
| ) | |
| PAUL PAI, Individually, and In his Official ) | |
| Capacity as President of Saint Louis Community ) | |
| College at Meramec, ) | |
| **Serve:** Paul Pai ) | |
| 11333 Big Bend Road ) | |
| St. Louis, MO 63122 ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY RELIEF,
INJUNCTIVE RELIEF, AND DAMAGES**

COMES NOW plaintiff Richard Hershey, and for his Complaint against defendants Junior College District of St. Louis-St. Louis County, Toni Oplt, and Paul Pai, alleges as follows:

1. The lone pamphleteer has been at the heart of the guarantees of free speech since the adoption of our Bill of Rights. Indeed, Plaintiff Richard Hershey, an opponent of the cruelties of concentrated animal feeding operations (commonly known as "factory farming") and an advocate for a plant-based diet, is part of a noble tradition of advocacy reaching back to Thomas Paine, the original lone pamphleteer of the American Revolution and the inspiration for the First Amendment. Plaintiff here, having been thwarted in his advocacy efforts by these Defendants, brings this action under 42 U.S.C. § 1983 to redress the deprivation, under color of state law, regulations and practices, of rights secured by the First and Fourteenth Amendments to the United States Constitution.

## Parties, Jurisdiction and Venue

2. Plaintiff is a natural person and resident of the Eastern District of Missouri in Saint Louis County.

3. Defendant Junior College District of St. Louis-St. Louis County (the "College") is a community college established and funded by the State of Missouri. The College's principal place of business and all of its college campuses are within the Eastern District of Missouri.

4. Defendant Toni Oplt is the Community Relations Operations officer of the College, and, upon information and belief, participated in the drafting, implementation and/or enforcement of the College's policies at issue in this action.

5. Defendant Paul Pai is the President of the College, and, upon information and belief, participated in the drafting, implementation and/or enforcement of the College's policies at issue in this action.

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1343, providing for original jurisdiction of this Court in suits authorized by 42 U.S.C. § 1983.

This Court also has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is a civil action arising under the First and Fourteenth Amendments to the United States Constitution, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court further has jurisdiction to award Plaintiff's costs in this action for violations of Plaintiff's constitutional and civil rights, including reasonable attorney fees and costs under 42 U.S.C. § 1988 and taxable costs under Title 28 U.S.C § 1920.

7. Venue is proper in this District under 28 U.S.C. § 1391(b).

### Plaintiff's Advocacy Efforts

8. Plaintiff is a vegetarian advocate whose ethical beliefs compel him to share his message with others. Accordingly, he devotes a significant portion of his time to distributing free educational booklets about the ethical and nutritional benefits of a plant-based diet (the "Booklets"). Copies of two such Booklets—*Guide to Cruelty-Free Eating* and *Even If You Like Meat, You Can Help End This Cruelty*—are attached to this Complaint as Exhibits 1 and 2.

9. When distributing the Booklets on college and university campuses, Plaintiff is peaceable and works alone, is not disruptive, does not use amplified sound, does not draw a crowd, and does not otherwise create a disturbance.

10. These Booklets are published by Vegan Outreach, Inc., a nonprofit organization dedicated to reducing the suffering of farmed animals by promoting informed, ethical eating ("Vegan Outreach").

11. Plaintiff is an independent contractor for Vegan Outreach, which compensates him for his time distributing the Booklets on its behalf.

12. Plaintiff's distribution of the Booklets and other expressive conduct is protected speech under the First and Fourteenth Amendments to the United States Constitution.

### Defendants' Unconstitutional Suppression of Plaintiff's Expression

13. St. Louis Community College at Meramec (the "Meramec Campus") is one of several campuses of the College.

14. On September 23, 2008, Plaintiff attempted to distribute Booklets in the outdoor areas of the Meramec Campus that are open to the public.

15. Campus police informed Plaintiff that he needed permission from the College's administration to distribute the Booklets. They directed him to Defendant Oplt.

16. Plaintiff met with Defendant Oplt and requested permission to distribute the Booklets in the outdoor areas of the Meramec Campus that are open to the public.

17. Acting on behalf of the College, Defendant Oplt denied Plaintiff permission to distribute Booklets on that day.

18. During that meeting, Defendant Oplt gave Plaintiff a copy of the Meramec Campus policy governing distribution of information, which included a document entitled "External Organizations: Their Presence on Campus" and a document entitled "Contract For Rental of Facilities" (together, the "College Policy"). A copy of the College Policy given to Plaintiff by Defendant Oplt is attached to this Complaint as Exhibit 3.

19. Defendant Oplt explained that Plaintiff would need to fill out and sign the Contract For Rental of Facilities even though he would not need to rent anything in connection with his advocacy activities.

20. Defendant Oplt stated to Plaintiff that the reason for the College Policy was a "homeland security" issue.

21. To accommodate Defendants' concern for security, Plaintiff offered to allow College agents to search his belongings for any dangerous materials. Defendant Oplt declined that offer.

22. After reviewing the College Policy, discussing the College Policy and asserting his constitutional rights with Defendant Oplt to no avail, Plaintiff left the College without distributing his Booklets.

23. Any one or more of the following provisions in the College Policy unreasonably restricts speech in a traditional public forum or designated public forum, and is therefore unconstitutional on its face and as applied to Plaintiff:

(a) The College Policy restricts Plaintiff to just two appearances on the Meramec Campus per semester to distribute the Booklets.

(b) The College Policy requires Plaintiff, a sole leafleter, to provide the College with two weeks advance notice prior to an appearance on campus.

(c) The College Policy requires Plaintiff to agree to indemnify and hold the College harmless for any losses "occasioned by or arising out of" his expressive activities. This indemnification provision would thus encompass liability for acts of unrelated third parties, or even of the College itself.

(d) The College Policy restricts Plaintiff to a stationary position behind a fixed table in either the lobby of the Student Center or on or near the steps of the Student Center. On the date Plaintiff was denied permission to leaflet, the Student Center was under construction, and foot traffic in the lobby and near the steps was minimal.

24. Plaintiff retained counsel, who contacted Defendant Oplt by letter on October 15, 2008 and thereafter to notify her of the First Amendment violations at the College and to request changes to the College Policy.

25. Defendant Pai received the communication from Plaintiff's counsel, and was made aware of its contents.

26. Defendants refused to make any changes to the Policy, and indicated that they would continue to enforce it as written against Plaintiff.

27. Plaintiff subsequently retained the undersigned counsel earlier this year, who contacted Defendants Oplt and Pai by letter on May 14, 2010 to again notify them of the First Amendment violations at the College and to request changes to the College Policy. Defendants have not made any changes to the College Policy.

28. Plaintiff intends to distribute Booklets at the College, including the Meramec Campus, in the future.

29. On numerous occasions from 2008 to the present, Plaintiff has desired to engage in speech activities at the College, including distributing Booklets, but the College Policy has chilled and prevented those speech activities.

30. Defendants have denied Plaintiff's right to free speech, in violation of the First Amendment to the United States Constitution, applicable to state and local entities through the Fourteenth Amendment. Plaintiff has a cause of action pursuant to 42 U.S.C. § 1983.

31. As a direct and proximate result of Defendants' actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses, loss of income, emotional distress, humiliation, and other compensable damages.

32. Defendants' actions or omissions violated Plaintiff's clearly established First Amendment rights, of which a reasonable person would or should have known.

33. Defendants' actions or omissions in continuing to demand Plaintiff's compliance with the College Policy demonstrate deliberate and callous indifference and disregard to the constitutional and civil rights of Plaintiff and of other persons seeking to peaceably distribute literature.

34. Defendants have the authority to implement policies that would eliminate the violations of Plaintiff's constitutional and civil rights.

35. Plaintiff has no adequate remedy at law.

36. Unless the requested relief is granted, Plaintiff will continue to suffer irreparable harm to the rights guaranteed to him by the United States Constitution.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

(a) Enter a permanent injunction ordering Defendants, their successors in office, agents and employees to refrain from enforcing the College Policy against Plaintiff, and to change the College Policy to conform to the requirements of the First and Fourteenth Amendments to the United States Constitution;

(b) Enter a declaratory judgment that the College Policy violates the First and Fourteenth Amendments to the United States Constitution, on its face and as applied, insofar as it authorizes and requires a significant and unreasonable burden on free speech;

(c) Enter judgment for compensatory, nominal, and punitive damages in an amount to be proven at trial;

      (d)    Award Plaintiff his costs and attorneys' fees in prosecuting this action, pre-judgment interest through the date of judgment, and post-judgment interest as provided by law; and

      (e)    Order such additional relief as the Court deems just and proper.

Respectfully submitted,

/s/ Matthew G. Minder
Michael A. Kahn, #3506
Matthew G. Minder, #5246075
**BRYAN CAVE LLP**
211 North Broadway, Suite 3600
St. Louis, MO 63102
Tel:   (314) 259-2000
Fax:  (314) 259-2020
mike.kahn@bryancave.com
matt.minder@bryancave.com

Attorneys for Plaintiff
Richard Hershey